FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2013 SEP -9 P 1: 52

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

JULIO RAMOS,                          :
                                      :
            Petitioner,               :
                                      :
      vs.                             :        CIVIL ACTION NO.: CV213-095
                                      :
SUZANNE HASTINGS, Warden, and         :
ERIC HOLDER, Attorney General,        :
                                      :
            Respondents.              :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Julio Ramos ("Ramos"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss, and Ramos filed a Response. For the reasons which follow, Respondent's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

Following a jury trial in the Southern District of Texas, Ramos was convicted of conspiracy to possess with intent to deliver in excess of five kilograms of cocaine and in excess of 1,000 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. (Doc. No. 4, p. 2). He was also convicted of possession with intent to distribute in excess of five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and 18 U.S.C. § 2. (Id.). Ramos was sentenced to 405 months' imprisonment. (Id.). Ramos appealed his conviction and sentence, and the Fifth Circuit Court of Appeals affirmed. (Id.) (citing United States v. Ramos, 71 F. App'x 334 (5th

Cir. 2003)). Ramos filed an unsuccessful motion pursuant to 28 U.S.C. § 2255 in 2004. (Id.).

Ramos filed a previous section 2241 petition in this Court. Ramos sought relief under § 2241 based on alleged violations of the extradition treaty between the United States and the Dominican Republic. He argued that his sentence exceeds the maximum allowable for his crimes in the Dominican Republic. Additionally, Ramos argued that because conspiracy is not a crime in the Dominican Republic, he could not be convicted of conspiracy under United States' law. The undersigned entered a Report in which it was recommended that Ramos' petition be dismissed. The Honorable Lisa Godbey Wood adopted this Report and Recommendation as the opinion of the Court. (CV212-44, Doc. Nos. 13, 16). The Eleventh Circuit Court of Appeals affirmed this Court's decision. (Id. at Doc. No. 23).

In this petition, Ramos asserts that the United States of America violated the rule of specialty in the following ways:[1] 1) obtaining his conviction on a superseding indictment; 2) charging and convicting him based on charges not alleged in the indictment; 3) predicating his conviction and sentence on drug quantities not specified in the extradition documents; 4) requesting and obtaining a sentence exceeding the statutory maximum recognized by the treaty between the United States and the Dominican Republic; and 5) using facts not charged or requested during the extradition proceedings. Ramos contends that there is nothing preventing him from using §§

---

[1] "The rule of specialty stands for the proposition that the requesting state, which secures the surrender of a person, can prosecute that person only for the offense for which he or she was surrendered by the requested state or else must allow that person an opportunity to leave the prosecuting state to which he or she had been surrendered." United States v. Valencia-Trujillo, 573 F.3d 1171, 1173-74 (11th Cir. 2009).

2

2241(c)(3) & (4) because he is a foreign national and entitled to "bring a challenge concerning the United States['] violation of a Treaty." (Doc. No. 1, pp. 3—4).

Respondent asserts that Ramos' petition should be dismissed for lack of jurisdiction based on the same reasons his previous section 2241 petition was dismissed. Respondent also asserts that Ramos' treaty-based claims could and should have been brought in a section 2255 motion.

## DISCUSSION AND CITATION OF AUTHORITY

"The writ of habeas corpus shall not extend to a prisoner unless [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Generally, a motion to vacate, set aside, or correct a sentence filed in the court of conviction pursuant to 28 U.S.C. § 2255 is the proper method to be used by a prisoner seeking to collaterally attack the validity of his conviction or sentence. Darby v. Hawk-Sawyer, 405 F.3d 942, 944—45 (11th Cir. 2005) (citation omitted); 28 U.S.C. § 2255(a). Conversely, a § 2241 petition is appropriate for claims concerning the execution of a sentence. Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351–52 (11th Cir. 2008). A prisoner may not file a § 2241 habeas petition in an attempt to circumvent the ban on successive § 2255 motions. Wofford v. Scott, 177 F.3d 1236, 1245 (11th Cir. 1999).

To the extent Ramos claims that the alleged treaty violations resulted in an improper conviction and sentence, he cannot raise his claim in a section 2241 petition. As the Eleventh Circuit informed Ramos on appeal, "[a]lthough the language of § 2255 does not provide for challenges based on alleged treaty violations, the [United States] Supreme Court has held that the grounds for relief under § 2255 . . . provide[ ] for relief

3

when a person is in custody in violation of, inter alia, the treaties of the United States."

(CV212-44, Doc. No. 23, p. 3) (citing Davis v. United States, 417 U.S. 333, 344 (1974)).

To file a second or successive § 2255 motion, the movant is required to first file an

application with the appropriate court of appeals for an order authorizing the district

court to consider the motion.  28 U.S.C. § 2244(b)(3)(A); Farris v. United States, 333

F.3d 1211, 1216 (11th Cir. 2003).  A panel of the court of appeals must certify that the

second or successive motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); In re Anderson, 396 F.3d 1336, 1337 (11th Cir. 2005).  "Without

authorization" from the court of appeals, a "district court lack[s] jurisdiction to consider [a

movant's] second or successive" motion.  Carter v. United States, 405 F. App'x 409,

410 (11th Cir. 2010).  There is no evidence Ramos has received authorization from the

Eleventh Circuit which would allow this Court to entertain this second or successive

section 2255 motion.

However, when a motion filed under § 2255 would be "inadequate or ineffective

to test the legality of his detention," a prisoner may file a habeas petition under § 2241.

28 U.S.C. § 2255(e).  A motion under § 2255 is "inadequate or ineffective" as to a

prisoner's claim, thus triggering the availability of § 2241, "when: 1) that claim is based

upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme

Court decision establishes the petitioner was convicted for a nonexistent offense; and 3)

AO 72A
(Rev. 8/82)

circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion." Wofford, 177 F.3d at 1244. The petitioner has the burden of producing evidence showing the inadequacy or ineffectiveness of the § 2255 remedy. Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006) (citation omitted).

Ramos' claims, that his conviction and sentence violate the extradition treaty between the United States and the Dominican Republic, are an attack on the validity of his conviction and sentence. Therefore, his claims fall within the ambit of § 2255, and in order to file a § 2241 petition, Ramos' claims must fall within the savings clause of § 2255(e). Ramos fails to identify a new, retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense or that he was foreclosed from raising these claims in his previously-filed § 2255 motion. Without meeting the Wofford test, Ramos' claims do not fall within the savings clause of § 2255(e); therefore, he cannot bring his claims under § 2241.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Ramos' petition, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this _9th_ day of September, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)